UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| JUDE CLOTHING AND ACCESSORIES,<br><br>    Plaintiff,<br><br>v.<br><br>BACHMAN, et al.,<br><br>    Defendants. | Civil Action No.<br><br>2:14-cv-05566-SDW-SCM<br><br>**OPINION AND ORDER ON INFORMAL CROSS-MOTIONS TO COMPEL**<br><br>**[D.E. 59, 60]** |

**MANNION**, Magistrate Judge:

    Now before the Court are cross-motions to compel discovery.[1] Plaintiff Jude Clothing and Accessories (doing business as "Jude Connally" and hereafter as same) contends that defendants have failed to "provide all the information" concerning their sales and have "refused to appear for their depositions until they receive… financial and customer information of Jude Connally."[2] Defendants counter that Jude Connally has refused to produce any financial data despite clear direction from the Court.[3] There was no oral argument. Upon consideration of the parties' submissions and for the reasons set forth herein, Plaintiff's

---

[1] (ECF Docket Entry No. ("D.E.") 59, Plaintiff Letter Brief and 60, Defendants' Letter Brief).

[2] (D.E. 59 at 5).

[3] (D.E. 60 at 1).

informal motion to compel is **granted** and Defendants' informal motion to compel is **granted** in part.

I. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

*A. Factual Background*

Jude Connally is a clothing designer and manufacturer.[4] It "sells to customers online in up to 50 states and sells wholesale to potentially hundreds of boutiques in over 20 states."[5] Jude Connally accuses Megan Phillips ("Phillips"), its former account manager, and Ruth Bachmann ("Bachmann"), its former product manager, of conspiring with Jean Tremblay, Betsy Tremblay, Jean G. Designs, and Gingy's LLC (collectively the "Tremblay Defendants") to steal proprietary business information and create a line of replica dresses for sale to Jude Connally's customers and others.[6]

Jean G. Designs operates women's retail clothing stores under the name Gingy's LLC in Pennsylvania and New Jersey.[7] It is allegedly owned by Jean Tremblay.[8] Her daughter Betsy

---

[4](D.E. 1-2, Amended Complaint ¶ 1).

[5](D.E. 59, Plaintiff Letter at 3).

[6](D.E. 1-2, Amended Complaint ¶¶ 13, 16, 21 – 31; D.E. 59 at 1).

[7](D.E. 1, Amended Comp. at ¶ 21).

[8](D.E. 1, Amended Comp. at ¶ 25).

Tremblay is alleged to be an owner of Gingy's 'LLC.[9]  Gingy's LLC has been a customer of Jude Connally for a number of seasons.[10]

Either Jean G. Designs or Gingy's LLC cancelled 150 pieces of a 300 piece dress order from Jude Connally at about the time the alleged conspiracy was uncovered.[11]  This cancelation, Jude Connally suspects, was because the Tremblay Defendants intended to sell dresses that had been designed by Bachmann and Phillips while they were still employed by Jude Connally.[12] Jude Connally further alleges that Defendants "solicited or intended to solicit" accounts "in the New England and Mid-Atlantic regions…."[13]

*B. Procedural History*

On June 24, 2014, Jude Connally filed its complaint against defendants Bachmann, Phillips, and the Tremblay Defendants (collectively "Defendants") in New Jersey Superior Court.[14]  With regard to damages, Jude Connally claims it has "suffered and will continue to suffer damages as well as imminent, immediate

---

[9] (Id.).

[10] (Id. at ¶ 23).

[11] (Id. at ¶ 66).

[12] (Id. at ¶¶ 67-68).

[13] (Id. at ¶ 59).

[14] See (D.E. 1, Amended Comp.).

3

and irreparable harm."[15]  Its damages include, "but [are] not limited to, the salary paid to Bachmann during the period of September 2013 to March 2014 … as well as lost sales, goodwill and market share as a result of Defendants' unfair competitive activities and unlawful conduct."[16]

Defendants removed the action to this Court on September 8, 2014,[17] and filed their respective pleadings.[18]  The Tremblay Defendants also counterclaimed and filed third-party claims against Jude Connally Zimmerman ("Zimmerman")[19] and Lisa Connally Kenisic ("Kenisic") alleging various theories of recovery,[20] with a claim to "have been harmed and damaged in an amount to be determined at trial."[21]

---

[15] (D.E. 1, Amended Comp. ¶¶ 96, 101, 106, 112, 118, 122, 126, 131, 134, 138, 145, 152).

[16] (Id. at ¶¶ 160, 163).

[17] (D.E. 1).

[18] See (D.E. 12, 22, 23, 38, 40).

[19] (D.E. 1, Amended Complaint at ¶ 4 (Zimmerman is Jude Connally's founder and Chief Executive Officer)).

[20] See (D.E. 12, 22, 23, 38, 40).

[21] (D.E. 22, Tremblay Counterclaim/Third-Party Complaint at ¶¶ 15, 19, 23, 27, 30, 35, 40, 45).

**II.   DISCUSSION**

   A. <u>§ 636, Magistrate Judge Authority</u>

   Magistrate judges are authorized by 28 U.S.C. § 636(b)(1)(A) to decide any pre-trial matter designated by the Court. This District has specified that magistrate judges may determine any non-dispositive pre-trial motion. L.Civ.R. 72.1(a)(1). This District has further provided in Local Civil Rule 37.1 that discovery disputes are to be brought to the magistrate judge on an informal basis. Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

   B. <u>Fed.R.Civ.P. 26(b)(1), Liberal Policy</u>

   Federal Rule of Civil Procedure 26 defines the scope of discovery.[22] Pursuant to subparagraph (b)(1), "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."[23] Courts have interpreted the federal rules to mean that discovery encompasses "any matter that bears on, or that reasonably could lead to

---

[22] Fed.R.Civ.P. 26.

[23] Fed.R.Civ.P. 26(b)(1).

5

other matters that could bear on any issue that is or may be in the case."[24]

"When a party fails to make disclosure of discovery, the opposing party may file a motion to compel. When a motion to compel is filed and asks the court to overrule certain objections, the objecting party must specifically show how each discovery request is objectionable."[25]

Damages discovery is "essential to give [d]efendants fair notice of the scope of th[e] case, in order to assess their exposure accurately, decide how and at what expense to conduct their defense, and evaluate any potential settlement prospects."[26] A plaintiff designer may prove its damages by relying upon evidence of its profits or alleged lost profits.[27] A defendant's financial information may also be relevant to a claim for disgorgement.[28] Likewise, an increase in a defendant's profits that coincide with a decrease in a plaintiff's profits

---

[24] *Kopacz v. Del. River and Bay Auth.*, 225 F.R.D. 494, 496 (D.N.J. 2004).

[25] *Kannaday v. Ball*, 292 F.R.D. 640, 644 (D.Kan. 2013).

[26] *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 550 (N.D.Cal. 2009).

[27] *Symbol Technologies, Inc. v. Janam Tech. LLC*, 729 F.Supp.2d 646, 652 (D.Del. 2010).

[28] See *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168 (3d Cir. 2005) (a defendant's willfulness need not be shown to find that equity favors disgorgement.).

could be used to show the amount of the plaintiff's actual damages.[29]

Jude Connally's Amended Complaint claims it's damages include, "lost sales, goodwill and market share as a result of Defendants' unfair competitive activities and unlawful conduct."[30] Plaintiff's Letter Brief, however, measures damages in terms of the ill-gotten revenue, salary, benefits, and start-up savings enjoyed by defendants.[31] Jude Connally argues relevance and undue burden favor a ruling that limits its' discovery production to those customers and markets in which Defendants have unlawfully competed.[32] It reasons that if Defendants only sold dresses in New Jersey and Pennsylvania, it should not have to produce discovery concerning other states.[33]

Relevant information need not be admissible at trial to be discoverable, but the party seeking discovery "has the burden of showing" that the information sought is relevant to the subject

---

[29] *Garner v. Yarnall*, No. CIV.A.03-4967, 2005 WL 834870, at *2 (E.D. Pa. Apr. 11, 2005).

[30] (D.E. 1-2, Amended Comp. ¶¶ 160, 163).

[31] (D.E. 59 at 2).

[32] (Id. at 2).

[33] (Id. at 5).

7

matter of the action and may lead to admissible evidence."[34] That is because the sole purpose of discovery is to add flesh for trial on the parties' respective claims and defenses in the given action. Discovery is not a fishing expedition for potential claims or defenses.[35]

According to Defendants, they have sold dresses in New Jersey, Pennsylvania, and over the Internet.[36] Defendants have not shown how information beyond those three markets is relevant to the subject matter of this action or how it may lead to other admissible evidence. Defendants are, however, entitled to Jude Connally's financial data for those three markets.

Neither side may hold discovery hostage while awaiting the other's productions. Doing so will invite sanctions. What is important at this stage, is that both sides disclose their respective damages claims and provide discovery.

An appropriate Order follows.

---

[34] *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000)(quoting *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 105 (D.N.J. 1990).

[35] *Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 WL 2885887, at *5 (D.N.J. July 23, 2008).

[36] (D.E. 60 at 1-2).

**ORDER**

IT IS on this Monday, November 02, 2015,

1. **ORDERED** that Plaintiff's informal motion to compel document discovery is granted consistent with the Opinion above. All responsive discovery is to be produced within ten days; and it is further

2. **ORDERED** that Plaintiff's informal motion to compel Defendants' depositions is granted. Counsel to meet and confer within seven days on a schedule to produce Defendants for deposition on a rolling basis over the next 60 days; and it is further

3. **ORDERED** that Defendants' informal motion to compel document discovery is granted in part consistent with the Opinion above. All responsive discovery to be produced within ten days.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/2/2015 6:18:59 PM

Original: Clerk of the Court
cc: All parties
    File

9